UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CAUSE NO. 4:15-cv-3228 |
| | § | |
| OMEGA FIRE SYSTEMS, INC., | § | Jury Demanded |
| BENJAMIN P. GRIFFIN, and KATHERINE | § | |
| GRIFFIN, | § | |
|     Defendants. | § | |

## RLI INSURANCE COMPANY'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RLI Insurance Company ("RLI"), filing this Original Complaint, and would respectfully show the Court as follows:

## I.
## PARTIES

1.  At all times relevant hereto, Plaintiff RLI Insurance Company is an insurance company organized and existing under the laws of Illinois with its principal place of business in Peoria, Illinois.  RLI is not a citizen of the State of Texas

2.  Defendant, Omega Fire Systems, Inc. ("Omega") is a corporation organized under the laws of Texas. According to filings with the Texas Secretary of State, Omega's principal place of business is 8711 Burnett Road, #H93, Austin, Texas 78757. Omega may be served with process by serving its registered agent for service, Benjamin P. Griffin, 8711 Burnett Road, #H93, Austin, Texas 78757.  Omega is not a citizen of the State of Illinois.

3.  Defendant Benjamin P. Griffin is an individual citizen of the state of Texas. He may be served with process at 270 C.R. 283, Leander, Texas 78641.  He is not a citizen of the State of Illinois.

4.      Defendant Katherine Griffin is an individual citizen of the state of Texas. She may be served with process at 270 C.R. 283, Leander, Texas 78641.  She is not a citizen of the State of Illinois.

## II.
## JURISDICTION

5.      The subject matter in controversy is within the jurisdictional limits of this Court. RLI seeks monetary relief over $1,000.000.00.

6.      This court has original jurisdiction of this civil action pursuant to 28 U.S.C. 1332, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

7.      Venue is proper in this district pursuant to 28 U.S.C. 1391(b)(2), in that a substantial part of the events or omissions occurred, and a substantial part of the subject property is situated within, this district.

## III.
## FACTS

8.      On or about September 6, 2013, RLI (as "Surety") entered into a written Agreement of Indemnity with Defendants Omega, Benjamin P. Griffin, and Katherine Griffin (Omega as "Contractor", and all Defendants herein as "Indemnitor"), a true and correct copy of which is attached as **Exhibit "A"**  and incorporated herein.

9.      Subsequent to entering into the Agreement of Indemnity, RLI, as Surety, and Omega, as Principal, executed Subcontract Performance Bond, No. SSB405532 (the "MCC Performance Bond") and Subcontract Labor and Material Payment Bond, No. SSB405532 (the "MCC Payment Bond") in favor of Manhattan Construction Company ("MCC") as Obligee (the "Obligee"), in connection with the written Subcontract dated August 13, 2013 (the "MCC

Subcontract") entered into by and between MCC and Omega for the construction of a portion of the new University of Houston football stadium (the "Project").  A copy of the MCC Subcontract is attached to hereto as **Exhibit "B"** and incorporated herein by reference.  A copy of the MCC Performance Bond is attached hereto as **Exhibit "C"** and incorporated herein by reference.  A copy of the MCC Payment Bond is attached hereto as **Exhibit "D"** and incorporated herein.

10.     Also subsequent to entering into the Agreement of Indemnity, RLI, as Surety, and Omega, as Principal, executed Subcontract Performance Bond, No. SSB405533 (the "DPR Performance Bond") and Subcontract Labor and Material Payment Bond, No. SSB405533 (the "DPR Payment Bond") in favor of DPR Construction ("DPR") as Obligee (the "Obligee"), in connection with the written Subcontract dated May 2, 2013 (the "DPR Subcontract") entered into by and between DPR and Omega for the installation of a fire protection sprinkler system for the Colorado Tower in Austin, Texas (the "Project").  A copy of the DPR Subcontract is attached to hereto as **Exhibit "E"** and incorporated herein by reference.  A copy of the DPR Performance Bond is attached hereto as **Exhibit "F"** and incorporated herein by reference.  A copy of the DPR Payment Bond is attached hereto as **Exhibit "G"** and incorporated herein.

11.     The Agreement of Indemnity (**Ex. "A"**) contains the following relevant provisions:

INDEMNITY

SECOND:  The Contractor and Indemnitors jointly and severally shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor and Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.

Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety or equal to such amounts as the Surety, and its sole judgment, deems sufficient to protect it from loss or potential loss. In the event of any payment by the Surety, the Contractor and Indemnitors further agree that in any accounting between the Surety, the Contractors and Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payment made by the Surety shall be prima facie evidence of the fact and amount of the liability to Surety.

12.     Subsequent to execution of the MCC Payment Bond, RLI received notice of nonpayment from MCC related to a supplier of Omega who alleged it was due and owed unpaid amounts by Omega for labor, materials, services and equipment furnished by the supplier to the MCC Project for the use and benefit of Omega. RLI investigated the claim of nonpayment by the supplier and subsequently made disbursement in good faith to MCC to compromise and settle such claim.

13.     Subsequent to execution of the MCC Performance Bond, RLI received notice of claims from MCC under the MCC Performance Bond regarding alleged defaults by Omega in the performance of the MCC Subcontract work on the MCC Project. RLI has investigated the claims of default in performance and negligence on the part of Omega that have been asserted by MCC under the MCC Performance Bond and has made disbursements in good faith to investigate, compromise, and settle MCC's claims under the MCC Performance Bond.

14.     RLI has incurred losses and/or expenses under the MCC Payment Bond and the MCC Performance Bond in the amount of $713,756.99.

15.     Subsequent to execution of the DPR Performance Bond, RLI received notice of claims from DPR under the DPR Performance Bond regarding alleged defaults by Omega in the

performance of the DPR Subcontract work on the DPR Project.  RLI has investigated the claims of default in performance and negligence on the part of Omega that have been asserted by DPR under the DPR Performance Bond and has made disbursements in good faith to investigate, compromise, and settle DPR's claims under the DPR Performance Bond.

16.     RLI has incurred losses and/or expenses under the DPR Performance Bond in the amount of $701,068.15.

## IV.
## CAUSES OF ACTION AGAINST DEFENDANTS

17.     The Agreement of Indemnity obligates Defendants to exonerate and indemnify RLI against claims related to nonpayment or defective work, regardless of the validity of the claims.  RLI brings the causes of action listed below against Defendants relating to the claims of nonpayment under the MCC Payment Bond and the claims relating to construction defects on the MCC Project and the DPR Project.  RLI re-alleges and incorporates by reference the preceding paragraphs as though set forth in their entirety herein.

### COUNT I.  INDEMNITY/EXONERATION

18.     The Agreement of Indemnity between RLI and Defendants provides that Defendants will exonerate, indemnify, and keep indemnified RLI from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which RLI may sustain and incur: (1) by reason of having executed or procured the execution of the bonds identified hereinabove, or (2) by reason of the failure of Omega to perform its obligations under the Agreement of Indemnity.

19.     The claims of nonpayment made against RLI by MCC occurred as a result of and by reason of RLI having executed the MCC Payment Bond and included allegations of Omega's

failure to perform its duty of payment to its suppliers on the MCC Project.  MCC's and DPR's claims for construction defects against RLI related to the MCC Project and the DPR Project, respectively, arise under and have occurred by reason of RLI having executed the MCC Performance Bond and the DPR Performance Bond, and include allegations of Omega's failure to perform its obligations in accordance with the MCC Subcontract and the DPR Subcontract, and Omega's negligence in the supervision of its own crews and its sub-subcontractors.  RLI is entitled to exoneration and indemnity from Defendants for all of the losses, damages and expenses (including, but not limited to, interest, court costs and counsel fees) for which RLI has made disbursements in settlement and compromise of MCC's and DPR's respective claims.

## COUNT II.  DECLARATORY JUDGMENT ACTION

20.     RLI maintains an interest under the Agreement of Indemnity entered into with Defendants and RLI possesses rights, status, or other legal relations that are affected by such contract.  Pursuant to 28 U.S.C. § 2201, the Court should enter a declaratory judgment that RLI is entitled to exoneration and indemnity from Defendants for all of the losses, damages and expenses for which RLI has disbursed funds in settlement of claims under the MCC Payment Bond, the MCC Performance Bond, and the DPR Performance Bond; as well exoneration and/or indemnity for the losses, damages and expenses RLI has incurred in the past or may incur in the future by reason of RLI's execution of the MCC Payment Bond, the MCC Performance Bond, the DPR Performance Bond, and Defendants' failure to perform their obligations under the Agreement of Indemnity.

## COUNT III.  BREACH OF CONTRACT

21.     RLI entered into a valid and enforceable agreement, the Agreement of Indemnity, with Defendants.  RLI has complied with its obligations under the Agreement of Indemnity; however, Defendants have failed to comply with such agreement.

22.     The Agreement of Indemnity entered into by and between RLI and Defendants requires Omega to promptly and faithfully perform its work on the MCC Project.   The Agreement of Indemnity also requires Defendants to exonerate and indemnify RLI against claims or allegations of nonpayment, non-performance, defective work or negligent performance of work on the MCC Project, which arise under the MCC Payment Bond and the MCC Performance Bond.   The exoneration and indemnity obligations of Defendants include the obligation to indemnify RLI for its losses and expenses, including attorneys' fees and legal costs. RLI has incurred substantial losses and expenses defending and resolving the nonpayment claims of claimants under the MCC Payment Bond and the claims of non-performance, defective work and negligent performance of work on the MCC Project, which arise under the MCC Performance Bond.   Defendants have failed to indemnify RLI for those losses and expenses. Thus, Defendants have breached their agreement under the Agreement of Indemnity.

23.     The Agreement of Indemnity entered into by and between RLI and Defendants requires Omega to promptly and faithfully perform its work on the DPR Project.  The Agreement of Indemnity also requires Defendants to exonerate and indemnify RLI against claims or allegations of non-performance, defective work or negligent performance of work on the DPR Project, which arise under the DPR Performance Bond.   The exoneration and indemnity obligations of Defendants include the obligation to indemnify RLI for its losses and expenses, including attorneys' fees and legal costs.   RLI has incurred substantial losses and expenses

defending and resolving the claims of non-performance, defective work and negligent performance of work on the DPR Project, which arise under the DPR Performance Bond. Defendants have failed to indemnify RLI for those losses and expenses. Thus, Defendants have breached their agreement under the Agreement of Indemnity.

24.     As a result of Defendants' acts, omissions, failures, and breaches of contract discussed above, RLI has incurred damages.

## V.
## DAMAGES

25.     Due to the acts, omissions, and failures discussed above, RLI has incurred damages within the jurisdictional limits of this Court.

26.     RLI seeks damages from Defendants, including payments made to MCC and DPR under the MCC Payment Bond, the MCC Performance Bond, the DPR Performance Bond, as well as expenses (including, but not limited to, interest, court costs and counsel fees) incurred by RLI in the investigation, defense and resolution of claims made against the MCC Payment Bond, the MCC Performance Bond, and the DPR Performance Bond.  Such claims include the following categories of damages: (1) the reasonable and necessary cost to pay Omega's unpaid suppliers; (2) the reasonable and necessary cost to complete Omega's work, to repair Omega's defective work, as well as the costs incurred to repair property damage associated with the performance of such completion and repairs; (3) attorneys' fees; and (4) interest.

27.     An accurate accounting of RLI's damages, including all lawful credits and offsets, is set forth in, and verified by, the Affidavit of Timothy Winship, attached hereto as **Exhibit "H"**, and records of payments attached thereto as **Exhibit "H-1"**.

## VI.
## ATTORNEYS' FEES

28.     As a result of the claims asserted against RLI by MCC and DPR, RLI has been compelled to employ the undersigned attorneys to represent its interests in this matter, and has agreed to pay reasonable and necessary attorneys' fees for their services.  Pursuant to the terms of the Agreement of Indemnity, RLI seeks to recover its attorneys' fees, costs and expenses for defending the claims of MCC and DPR.  Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, RLI seeks its costs and reasonable and necessary attorneys' fees as are equitable and just.  Pursuant to Section 38.001, *et seq.* of the Texas Civil Practice and Remedies Code, RLI is entitled to recover its reasonable and necessary attorneys' fees and costs for bringing this claim on a written contract.

## VII.
## INTEREST

29.     RLI is entitled to recover from Defendants all legal and equitable interest, both pre-judgment and post-judgment, at the highest legal rate allowed under Texas law.

## VIII.
## CONDITIONS PRECEDENT

30.     All conditions precedent have been performed or have occurred.

## IX.
## TRIAL BY JURY

31.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, RLI demands a trial by jury on all issues.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, RLI Insurance Company respectfully requests judgment of the Court that have the following judgment by way of its claims against Defendants:

1.      For damages within the jurisdictional limits of this court;

2.      Reasonable and necessary attorneys' fees;

3.      Pre-judgment and post-judgment interest as allowed by law;

4.      Costs of court; and

5.      Such other and further relief to which RLI may be justly entitled.

Respectfully submitted,

/s/Greg K. Winslett
GREG K. WINSLETT
State Bar No. 21781900
MICHAEL D. FEILER
State  Bar No. 24055475
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Telefax)
gwinslett@qslwm.com
mfeiler@qslwm.com

**ATTORNEYS FOR RLI INSURANCE
COMPANY**

4810-3793-8473, v.  1